# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 01-20058
Summary Calendar

_____

JUANITA KELLY, Individually
and in behalf of and as representative
of the Estate of Colleen Beverly Kelly;
COLLEEN BEVERLY KELLY, Estate of,

                                                              Plaintiffs-Appellants,

versus

CITY OF HOUSTON, TEXAS;
J.H. SHACKETT, Police Officer
sued in his individual capacity,

                                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-218

_____

July 24, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Juanita Kelly ("Juanita") appeals the district court's summary-judgment dismissal of her 42 U.S.C. § 1983 lawsuit, specifically, she challenges the dismissal of her excessive-force claim against Officer J.H. Shackett arising out of the shooting death of her daughter, Colleen Beverly Kelly ("Colleen"). Juanita has not adequately briefed her municipal-liability claims or her state-law claims, and those claims are therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Juanita argues that there was a material factual dispute regarding whether the shooting was objectively unreasonable and whether Officer Shackett objectively reasonably believed Colleen had a gun which precluded summary judgment. She further contends that the district court failed to address her expert affidavit testimony that Officer Shackett handled the incident in gross violation of generally accepted police custom and policy.

A de novo review of the undisputed summary-judgment evidence belies her arguments. See Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). As the district court determined, the uncontroverted evidence establishes that, in light of all of the circumstances viewed at the time of the shooting, Officer Shackett's use of force was objectively reasonable and not excessive to the need. Officer Shackett reasonably believed that Colleen had a gun. He had been advised that Colleen intended to kill herself and, although the original 911 call was ambiguous, he had confirmed that she either had a gun or was on her way to find a gun. It is true that Juanita informed Officer Shackett shortly before the shooting that Colleen did not have a gun, but he reasonably discounted Juanita's statement in light of the fact that Juanita did not know Colleen's whereabouts or that Colleen had called her psychiatrist to threaten suicide. Moreover, Colleen behaved as though she was holding a gun inside of the fanny pack she carried. The eyewitness accounts all demonstrate, without refutation, that Colleen refused to put the fanny pack down despite all of the officers' requests and that she held, aimed, and made shooting motions with the object she carried as though she were aiming and shooting a gun directly at Officer Shackett. Juanita's expert testimony that the officers should have initially approached Colleen in a different manner and that, had they, they may have been able to subdue her, is irrelevant. See Fraire v. City of Arlington, 957 F.2d 1268, 1276 (5th Cir. 1992) (it is not constitutionally unreasonable to use deadly force when the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, at the moment the shooting took place). Colleen's actions clearly gave Officer Shackett reason to believe, at the moment of the shooting, that he was in imminent danger of physical harm, and his use of force in self-defense was not a constitutional violation. See id.; see also Graham v.

Connor, 490 U.S. 386, 396-97 (1989).  Accordingly, the excessive-force claim fails, and the district court's judgment is AFFIRMED.